# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JESUS ROCHE,**

     **Plaintiff,**

**v.**                                                    **Case No.  8:05-cv-1958-T-30TBM**
                                                                        **8:03-cr-88-T-30TBM**

**UNITED STATES OF AMERICA,**

     **Defendant.**

_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Vacate (CV Dkt. #1) filed pursuant to 28 U.S.C. § 2255.  The Court has undertaken a prompt preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that the motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Plaintiff is entitled to no relief.  Consequently, the Court needs no response from the Defendant.

## I.    Background

Plaintiff was indicted by a federal grand jury for the offense of conspiracy with intent to distribute MDMA, a Schedule 1 controlled substance (Count I), contrary to the provisions

---

[1] See case number 8:03-cr-00088-T-30TBM.

of Title 21, United States Code, Section 841(a)(1).[2]  He subsequently pled guilty to Count

I pursuant to a Plea Agreement[3] containing a waiver of appeal provision.[4]  Although Count

I carries a maximum sentence of 20 years imprisonment, a fine of up to $1,000,000, a term

of supervised release of at least three (3) years, and a special assessment of $100 due on the

date of sentencing, the Court sentenced him to 57 months imprisonment, $0 fine, a term of

supervised release of 36 months and a special assessment of $100.[5]  On December 19, 2003,

Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Eleventh

Circuit.  Plaintiff argued on appeal that the District Court should have intervened to apply

a downward departure based on substantial assistance.[6]  On April 15, 2005, the Eleventh

Circuit entered an order granting the Government's motion to dismiss the appeal based upon

the appeal-waiver provision in the Plea Agreement.[7]  Plaintiff did not challenge the Eleventh

Circuit's denial of his appeal and now seeks collateral relief under § 2255.

## II.      Plaintiff's Grounds for Relief

Plaintiff raises five grounds in support of relief: (1) the Government's bad faith in not

filing a 5K1 motion for downward departure pursuant to the terms of his Plea Agreement and

---

[2] See CR Dkt. #13.

[3] See CR Dkt. #41.

[4] See id., CR Dkt. #41, Section B, Paragraph 5.

[5] See CR Dkt.#85.

[6] See CR Dkt. #87.

[7] See CR Dkt. #41 and #119.

upon substantial assistance by Plaintiff's wife; (2) the District Court treated sentencing guidelines as mandatory and not advisory in violation of <u>Booker</u>; (3) the District Court's failure to consider Plaintiff's wife's assistance when imposing Plaintiff's sentence; (4) ineffective assistance of counsel for not arguing at sentencing that the Court could still consider Plaintiff's substantial assistance when imposing a sentence even though the Government did not file a 5K1 motion; and (5) ineffective appellate counsel for failing to raise a <u>Booker</u> claim on direct appeal.

A.      First, Plaintiff argues that the Government acted in bad faith by failing to file a 5K1 motion for downward departure pursuant to the terms of his Plea Agreement as a result of substantial assistance by Plaintiff's wife.  The record conclusively establishes, however, that the Government did not agree to file a §5K1 motion on behalf of Plaintiff.  Rather, the Government agreed to consider whether Plaintiff's cooperation, if any, qualified as "substantial assistance" warranting a recommendation by the Government of a downward departure from the applicable guideline range pursuant to USSG §5K1.  The Plea Agreement states, in pertinent part:

> "If the cooperation is completed *prior to sentencing*, the government agrees to *consider* whether such cooperation qualifies as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1...[i]f the cooperation is completed *subsequent to sentencing*, the government agrees to *consider* whether such cooperation qualifies as 'substantial assistance' in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that

*the determination* as to whether 'substantial assistance" has been provided or what type of motion related thereto will be filed, if any, *rest solely* with the United States Attorney for the Middle District of Florida, and *the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise*."[8] (Emphasis added.)

Thus, contrary to Plaintiff's claims, the Government has no obligation to file a §5K1 motion on behalf of Plaintiff under the terms of the Plea Agreement.

Moreover, Plaintiff agreed and acknowledged in his Plea Agreement that the determination as to whether "substantial assistance" has been provided rests solely with the Government and that he would not be allowed to challenge the Government's determination by appeal, collateral attack, or otherwise. Thus, Plaintiff waived his right to appeal or collaterally attack the Government's determination as to whether "substantial assistance" has been provided.

Upon a review of the underlying criminal proceedings, the Government did not recommend a downward departure from the applicable guideline range pursuant to USSG §5K1 on behalf of Plaintiff. Pursuant to the Plea Agreement, Plaintiff agreed and acknowledged that it was in the Government's discretion to refrain from filing the same. Only the Government is authorized to seek a reduction in a defendant's sentence for substantial assistance under Rule 35(b). See U.S. v. Giltner, 842 F. Supp. 1439, 1440 (M.D. Fla. 1994). On this basis alone, Plaintiff's first argument fails.

Plaintiff's first argument also fails because, in his Plea Agreement, Plaintiff expressly waived his right to appeal his sentence, directly or collaterally, on any ground except for an

---

[8]See CR Dkt. # 41, Section A, Paragraph 7.

upward departure, a sentence above the statutory maximum, or a sentence in violation of the law.[9]  Plaintiff's argument that the Government acted in bad faith by failing to file a 5K1 motion for downward departure pursuant to the terms of his Plea Agreement as a result of substantial assistance by Plaintiff's wife falls within the scope of the appeal-waiver provision contained within his Plea Agreement.  Accordingly, Plaintiff expressly,  knowingly and voluntarily waived his right to appeal this issue.  Thus, Plaintiff is not entitled to relief based on the Government's failure to file a §5K1 motion on his behalf.

Additionally, since this issue could have been raised on direct appeal, Plaintiff is procedurally barred from raising this claim in a § 2255 proceeding.  See Lynn v. United States, 365 F. 3d 1225, 1232-35 (11th Cir. 2004); see also Greene v. United States, 880 F. 2d 1299, 1305 (11th Cir. 1989) (observing that "[i]n general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding.").

B.     Second, Plaintiff argues that the District Court treated sentencing guidelines as mandatory and not advisory in violation of U.S. v. Booker, 543 US 220 (2005).  The right to appeal a sentence based on Booker grounds can be waived in a plea agreement if the plea agreement is entered prior to Booker.  See U.S. v. Grinard-Henry, 399 F. 3d 1294, 1297 (11th Cir. 2005).  In this case, Plaintiff's signed Plea Agreement was filed with the Clerk on May 1, 2003.  The Supreme Court did not publish its decision in U.S. v. Booker until January 12,

---

[9] See Dkt. #41, Section B, Paragraph 5.

2005.  See U.S. v. Booker, 543 US 220.   Thus, since Plaintiff entered into his Plea Agreement with the Government prior to the Booker decision, Plaintiff is deemed to have waived his right to appeal a sentence based on Booker grounds.

This Court acknowledges that a defendant's waiver of his right to appeal sentencing issues must be knowing and voluntary..  See U.S. v. Bushert, 997 F. 2d 1343, 1350-51 (11th Cir. 1993).  The Eleventh Circuit Court of Appeals found upon *de novo* review that Plaintiff knowingly and voluntarily waived his right to appeal his sentence, directly or collaterally, on any ground except for an upward departure, a sentence above statutory maximum, or a sentence in violation of the law.[10]  A Booker claim rightfully falls within the scope of the sentence-appeal waiver provision contained within Plaintiff's Plea Agreement. Consequently, Plaintiff waived his right to appeal based on a Booker claim.  Thus, Plaintiff is entitled to no relief under this argument.

C.       Third, Plaintiff argues that he is entitled to relief based on the District Court's failure to consider Plaintiff's wife's assistance when imposing Plaintiff's sentence.  This argument fails on two levels.

Primarily, this argument fails because Plaintiff has already raised this issue on appeal to the Eleventh Circuit Court of Appeals.  The Eleventh Circuit determined that this issue fell within the scope of the sentence-appeal waiver provision contained within Plaintiff's Plea Agreement.  Accordingly, the Eleventh Circuit dismissed Plaintiff's appeal.  Plaintiff did not

---

[10]  See CR Dkt. #41 and #119.

file a petition for writ of certiorari with the Supreme Court of the United States within the applicable time period.  Since this issue has already been decided on its merits on appeal, Plaintiff is procedurally defaulted from raising this claim in a § 2255 proceeding.

Moreover, only the Government is authorized to seek a reduction in a defendant's sentence for substantial assistance under Rule 35(b).  The Court was not a party to Plaintiff's Plea Agreement.  Plaintiff agreed and acknowledged in his Plea Agreement that any discussions between him, his attorney and/or the Government would not be binding on this Court.[11]  For these reasons, Plaintiff is not entitled to relief under this argument.

D.      Fourth, Plaintiff argues that he received ineffective assistance of counsel since his counsel did not argue at sentencing that the Court could still consider Plaintiff's substantial assistance when imposing a sentence even though the Government did not file a 5K1 motion.  However, "[i]t is not ineffective assistance of counsel to not make an obviously meritless argument."  U.S. V. Roquemore, 934 F. Supp. 1391, 1395 (M.D. Ga. 1996).  The District Court may not review the United States Attorney's decision to not file a 5K1 motion on Plaintiff's behalf.  See id.  "Judicial review of such a decision is appropriate only 'when there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such a race or religion'."  Id., citing U.S. v. Forney, 9 F. 3d 1492, 1502 (11th Cir. 1993).  Plaintiff has not alleged an unconstitutional motive by the United States Attorney's office.  Further, the

---

[11] See CR Dkt. 41, Section B, Paragraph 4.

evidence before this Court supports a decision not to file a 5K1 motion, since Plaintiff violated the terms of his pretrial release causing this Court to revoke his bond and order him to be detained pending his sentencing hearing.[12]   Accordingly, this argument does not provide a basis for relief.

E.      Fifth, Plaintiff argues that he received ineffective assistance of appellate counsel since his appellate counsel failed to raise a Booker claim on direct appeal.   The Supreme Court did not publish its decision in U.S. v. Booker until January 12, 2005.   See U.S. v. Booker, 543 US 220.   Plaintiff's Notice of Appeal was filed on December 19, 2003. Although, the Eleventh Circuit's order dismissing Plaintiff's appeal was entered on April 15, 2005, failure to amend an appellate brief to add a Booker argument would not be deemed ineffective assistance of counsel because Plaintiff's right to appeal a sentence based on Booker grounds was waived in his Plea Agreement.   Accordingly, even if Plaintiff's appellate counsel raised a Booker claim on direct appeal, such argument would not have benefitted Plaintiff for all the reasons stated in Section B above.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion to Vacate (CV Dkt. #1) is denied.

2.      The Clerk is directed to enter judgment for the Defendant and to close this case.

---

[12] See Dkts. #76 and 77.

3.     The Clerk is also directed to terminate from pending status the Motion to Vacate

(CR Dkt. #121) in the corresponding criminal case, case number 8:03-cr-88-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1958.order deny mt vacate.frm